```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| TRAVELER'S PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>      Plaintiff,<br><br>-against-<br><br>CLOUD OCEAN LINE LIMITED, AIRPORT CLEARANCE SERVICE, INC. and DRT INTERNATIONAL LOGISTICS INC.,<br><br>      Defendants. | No. 23-CV-331 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

  Before the Court is Defendant DRT International Inc.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. no. 15.) Plaintiff Travelers Property Casualty Company of America has opposed. (Dkt. no. 32.)

  In its motion, DRT does not argue that the complaint fails to allege factual allegation which, taken as true, would establish each element of a prima facie case under COGSA. Instead, DRT disputes the accuracy of the facts alleged by Travelers – arguing that it only acted as a freight forwarder and therefore cannot be held liable under COGSA. See dkt. no. 18 (DRT Memo of Law) at *9. However, the question of whether DRT acted as an NVOCC or freight forwarder is a disputed issue of fact that cannot be resolved prior to discovery under Rule 12(b)(6). Cf. Salomon Bros. v. Huitong Int'l Trust & Inv.

Corp., 1996 U.S. Dist. Lexis 17358 at *4 (S.D.N.Y. Nov. 18, 1996), Hartford Fire Ins. Co. v. Dynamic Worldwide Logistics, Inc., 2017 U.S. Dist. Lexis 142926 at *5 (D.N.J. Sept. 5, 2017). ("It is inappropriate for this court to make any factual determinations regarding the precise nature of CECO's business status and/or activities as to the transactions at issue. Plaintiff's allegations are sufficient at this stage in the proceedings to state a claim under COGSA and the Carmack Amendment; therefore, Defendant CECO's Motion to Dismiss as to Plaintiff's federal claims will be denied.")

Accordingly, DRT's motion to dismiss (dkt. no. 15) is denied.

**SO ORDERED.**

Dated:     May 8, 2023
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge